UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRY BUSH and
ELIZABETH BUSH,

      Plaintiffs,

v.                                                 Case No. 8:15-cv-1308-T-24 TGW

ROUNDPOINT MORTGAGE
SERVICING CORPORATION,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss. (Doc. No. 4). Plaintiffs oppose the motion. (Doc. No. 9). As explained below, the motion is denied.

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right

to relief above the speculative level." Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiffs Harry and Elizabeth Bush allege the following in their complaint (Doc. No. 1): In June of 2014, Plaintiffs refinanced the mortgage on their home; the mortgage was held by Defendant Roundpoint Mortgage Servicing Corporation.  (¶ 10, 38).  The refinancing was organized by non-party Priority Financial Services ("PFS"), and PFS selected non-party Resource Title Company ("RTC") to handle all aspects of the closing, including ensuring that Defendant was paid the full balance of the outstanding mortgage from the funds from the new mortgage.  (¶ 10, 38).  However, RTC mishandled the closing and misplaced the note for the loan, which resulted in a short delay in transmitting the funds to Defendant.  (¶ 10, 38).  RTC was solely responsible for the late payment to Defendant, and RTC has been fined by the Florida Attorney General for its neglect.  (¶ 10, 38).

Defendant has been made aware of RTS's sole fault for the late payment.  (¶ 10, 11, 38, 39).  Despite this knowledge, Defendant has reported to credit reporting agencies ("CRAs") that Plaintiffs were late making this payment.  (¶ 15-17, 43-45).  Plaintiffs contacted two CRAs, Trans Union and Equifax, to dispute the accuracy of Defendant's reporting that they made a late payment.  (¶ 18, 46).  Plaintiffs provided the CRAs with additional documentation to support their dispute, which the CRAs forwarded to Defendant.  (¶ 23, 28, 51, 56).  Despite notice of

Plaintiffs' dispute and documentation supporting their position that they were not at fault for the late payment, Defendant failed to perform a reasonable investigation and review their documentation. (¶ 31, 59). Furthermore, Defendant continued to report that Plaintiffs made a late payment, without noting that the late payment was disputed and/or that Plaintiffs were not at fault for the late payment. (¶ 31, 59). As a result of Defendant's failure to provide complete information about the late payment, Plaintiffs have been damaged by increased interest rates charged by existing creditors, an inability to obtain new loans with the best interest rates, decreased credit scores, out-of-pocket expenses incurred in disputing the credit reports, and emotional distress. (¶ 32, 60).

Plaintiffs contend that Defendant's actions were either a willful or negligent violation of the Fair Credit Reporting Act ("FCRA"). (¶ 35, 63). Specifically, they contend that Defendant violated 15 U.S.C. § 1681s-2(b) of the FCRA[1] by willfully or negligently: (1) failing to properly

---

[1]Section 1681s-2(b)(1) provides the following:
After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--

    **(A)**    conduct an investigation with respect to the disputed information;

    **(B)**    review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

    **(C)**    report the results of the investigation to the consumer reporting agency;

    **(D)**    if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

    **(E)**    if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

        **(i)**    modify that item of information;
        **(ii)**    delete that item of information; or
        **(iii)**    permanently block the reporting of that item of information.

investigate their dispute; (2) failing to review the relevant documentation and information regarding their dispute; (3) failing to report the inaccurate status of the late payment characterization; and (4) continuing to furnish inaccurate information regarding the late payment. (¶ 35, 63).

### III.  Motion to Dismiss

In response to the complaint, Defendant filed the instant motion to dismiss.  The thrust of Defendant's argument is that Plaintiffs admit that a late payment was made to Defendant, and as such, they cannot argue that Defendant's report that a late payment was made was in any way inaccurate.

Defendant argues that Plaintiffs merely disagree with Defendant's accurate characterization of the late payment.  Defendant cites to Horton v. HSBC Bank, 2013 WL 2452273 (N.D. Ga. June 5, 2013), and argues that their disagreement with Defendant's conclusion is not sufficient to support an FCRA claim.  The Court is not persuaded by the Horton case.

In Horton, the plaintiff's identity was stolen in 2007 and numerous fraudulent accounts were opened.  See id. at *2.  The plaintiff contacted the defendant-creditors, and they promptly removed negative items relating to those accounts from his credit report.  See id.  Thereafter, in late 2008 and early 2009, other unauthorized accounts began to appear on the plaintiff's credit report, and the plaintiff again disputed that the accounts were his.  See id.  This time, however, the creditor-defendants informed the credit bureaus that the accounts at issue had been verified, but the creditor-defendants would not explain how they verified the accounts.  See id.  As a

result of the negative items on his credit report relating to these accounts, the plaintiff was unable to refinance his mortgage.  See id.  Therefore, the plaintiff asserted an FCRA claim against the creditor-defendants.  See id. at *5.

The Horton court dismissed the FCRA claim asserted under 15 U.S.C. § 1681s-2(b), stating:

> Plaintiff does not allege any facts to establish that any Defendant failed to conduct an investigation after it received notice from the credit bureaus of Plaintiff's dispute, failed to review any information the credit bureaus provided in their notice, or failed to report the results of its investigation to the credit bureaus. To the contrary, Plaintiff alleges that he provided supporting documents to each Defendant in connection with their respective investigations of his accounts, and each Defendant reported to the credit bureaus that it had verified Plaintiff's account. In addition, there are no allegations . . . that suggests that any Defendant's investigation revealed incomplete or inaccurate information with respect to Plaintiff's account, such that Defendant was required to report the findings to the credit bureaus and correct the information. Thus, it appears that Plaintiff disagrees with Defendants' conclusions that the accounts belong to him. Simply disagreeing with the conclusions Defendants reached is insufficient to establish a claim under section 1681s-2(b)(1) for failure to conduct an investigation, failure to review the notice of dispute from the credit bureaus, or failure to report the investigation results to the consumer reporting agencies.

Id. at *7.

It appears to this Court that the Horton court was looking for *proof* at the motion to dismiss stage, rather than accepting the plaintiff's allegations that the accounts at issue were not opened by him and that an investigation by the creditor-defendants would have revealed that fact.  As such, this Court is not persuaded that Plaintiffs' FCRA claims in the instant case should be dismissed based on Horton.

In the instant case, Plaintiffs argue that while Defendant's characterization of the

payment at issue as being "late" is technically true, that statement alone is misleading. Instead, Plaintiffs argue that Defendant's failure to provide additional information—specifically, to annotate that the payment was late solely due to the fault of a third-party—renders the late payment characterization incomplete and misleading, as it implies that it was Plaintiffs' fault that the payment was late. Thus, the late payment characterization, without more, implies that Plaintiffs are not a good credit risk, as they do not make their payments on time.

Section 1681s-2(b)(1) provides the steps a creditor must follow if a person disputes "the completeness or accuracy of any information provided . . . to a consumer reporting agency." In the instant case, Plaintiffs dispute the completeness of the late payment characterization.

In support of their argument that they have sufficiently stated their FCRA claims (despite the fact that the payment at issue was late), Plaintiffs cite to Saunders v. Branch Banking and Trust Co. of Virginia, 526 F.3d 142 (4th Cir. 2008). The Saunders court stated, in relevant part:

> [The] FCRA requires furnishers to determine whether the information that they previously reported to a CRA is "*incomplete* or inaccurate." §1681s-2(b)(1)(D)(emphasis added). In so mandating, Congress clearly intended furnishers to review reports not only for inaccuracies in the information reported but also for omissions that render the reported information misleading. Courts have held that a credit report is not accurate under FCRA if it provides information in such a manner as to create a materially misleading impression.
>
> . . . [I]n [Dalton v. Capital Associated Industries, Inc., 257 F.3d 409, 415 (4th Cir. 20010,] we addressed the duty of a CRA to report accurately pursuant to § 1681e.[2] We held that a report "is inaccurate" not only "when it is 'patently incorrect'" but also "when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse[ ]' effect." Thus, we held that a consumer report that contains technically accurate information may be deemed "inaccurate" if the statement is presented in such a way

---

[2]The Saunders court noted that the same standard of accuracy applies under both § 1681e and § 1681s-2. See Saunders, 526 F.3d at 148 n.3.

6

that it creates a misleading impression.

Id. at 148 (internal citations omitted).  Thus, based on Saunders, Plaintiffs argue that despite the fact that the characterization of the payment at issue as being late is technically correct, they have sufficiently stated their FCRA claims if a jury could find that the late characterization, without more, is incomplete and materially misleading.  Courts within the Eleventh Circuit have followed Saunders.  See Bauer v. Target Corp., 2012 WL 4054296, at *3 (M.D. Fla. Sept. 14, 2012); Calhoun v. Certegy Check Services, Inc., 2014 WL 4146886, at *3 (M.D. Fla. Aug. 20, 2014); Granville Alley v. Farmers Bank, Inc., 2014 WL 4287103, at *4 & n.15 (M.D. Ga. Aug. 29, 2014).

This Court agrees with Plaintiffs that they have sufficiently alleged their FCRA claims.  They have alleged that they have disputed the completeness of the information that Defendant provided to the CRAs, and in response, Defendant failed to conduct an investigation and review all of the relevant information (§ 1681s-2(b)(1)(A) &(B)), and thereafter, Defendant failed to modify the incomplete late payment characterization to add that it was disputed and/or add the additional information that the late payment was due to the fault of a third-party, not due to Plaintiffs' fault (§ 1681s-2(b)(1)(E)(i)).[3]

---

[3] Whether Defendant, in fact, failed to conduct an investigation and review all of the relevant information is a question of fact for the jury to determine.  Likewise, whether the failure to annotate the late payment characterization made the information provided by Defendant to the CRAs incomplete and materially misleading is also a question of fact for the jury to determine.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 4) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of August, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record